Pamela **PFEIFFER**, Plaintiff,

v.

**K–MART CORPORATION, a foreign corp., Maybelline Company, a foreign corp., Schering-Plough Corp., a foreign corp., Liberty Mutual Insurance Company, a foreign corp., and Anchor Brush Company, a foreign corp., Defendants.**

**No. 83–142–Civ.**

United States District Court,
S.D. Florida,
Miami Division.

May 9, 1985.

Mark A. Dresnick, Miami, Fla., for plaintiff.

David L. Willing, Miami, Fla., for Anchor Brush Co.

Henry Burnett, Miami, Fla., for remaining defendants.

## PROTECTIVE ORDER

SPELLMAN, District Judge.

This cause comes before the Court upon Defendants, K–MART CORPORATION, SCHERING–PLOUGH CORPORATION, MAYBELLINE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY and ANCHOR–BRUSH COMPANY Motion for Protective Order pursuant to Fed.R.Civ.P. 26(c).[1]

The Defendants seek protection from disclosure contending that Plaintiff seeks to discover certain information, documents, and fascimiles "regarding quantitative formulas, specifications, and in-house tests and memoranda by which formulas and specifications were determined and alternatives rejected." Defendants contend that such information is "commercial, trade secret and confidential" and that any disclosure would cause them irreparable harm and place them at an unfair trade advantage to competitors.

This Court is of the opinion that Plaintiff is seeking to discover certain information, documents and fascimiles which, with respect to all Defendant's businesses, constitute trade secret, proprietary or commer-

cially sensitive information (hereinafter "Confidential Information"). Nevertheless, since such "Confidential Information" is undoubtedly relevant to this case, this information must be disclosed to Plaintiff, with certain restrictions imposed, in order that the parties may fully litigate their claims. Therefore, upon review by the Court of all pleadings by the parties,

It is hereby,

ORDERED and ADJUDGED:

1. That Defendants must comply with all of Plaintiff's Request to Produce and must answer all Interrogatories propounded by Plaintiff within thirty (30) days of this Order, in accordance with the following restrictions.

2. That the documents and fascimiles requested by Plaintiff in its Request to Produce, dated October 18, 1984, Numbers 8, 10, 11, 14, 16, and 30, shall be considered "Confidential Information" for purposes of this Order.

3. That the information requested by Plaintiff in its Interrogatories to Defendants, dated October 18, 1984, Numbers 8, 12, 13, and 14, shall be considered "Confidential Information" for the purposes of this Order.

4. "Confidential Information" shall only be made available to "Qualified Persons" as defined in Paragraphs 5 and 6 below who have read this Protective Order and who agree to be bound by its terms. No other person shall have access to such "Confidential Information" without the approval of the producing party or the Court. Further, no other person shall be informed of the nature of such "Confidential Information" by any person having access thereto.

5. "Qualified Persons", as used herein, consist of the Court and its officers; counsel of record, including other attorneys in the firm, law clerks, and paralegals (other firm attorneys, law clerks and paralegals will hereinafter be referred to as "legal

---

1. This Court hereby permits Maybelline Company and Anchor Brush Company to join in their

co-defendants' Motion for Protective Order.

staff"); in-house counsel for the parties engaged in preparing this action for trial and their legal staff; co-counsel and their legal staff; investigators, stenographic clerical employees, and consultants employed by the parties described above. All such "Qualified Persons" shall be informed by counsel of record of the provisions of this Order and shall agree to be bound thereto.

6. Independent experts retained by any party may be included as "Qualified Persons" if they have executed a certification that they have read this Protective Order and agree to be bound by the terms and conditions hereof. An executed original or that certification shall be filed with the Court and copies furnished to all counsel of record before such persons are given access to "Confidential Information."

7. "Confidential Information" may be used solely for the purpose of this litigation and for no other purpose.

8. Nothing contained in this Order shall prevent the use of "Confidential Information" at trial or at depositions, with the following safeguards. If such "Confidential Information" is used in depositions, all portions of the transcripts of such depositions and exhibits thereto which refer or relate to such "Confidential Information" shall be treated as confidential, and the party introducing such "Confidential Information" shall make arrangements with the reporter to bind the confidential portion of the transcripts and exhibits separately and label it "Confidential Information". In addition, the deponent will be advised that pursuant to this Protective Order, he may not divulge any such "Confidential Information" except to "Qualified Persons." The Court reporter at any trial or hearing in which any such "Confidential Information" is referred to shall be similarly advised to bind the confidential portion of the transcripts and exhibits and to label as "Confidential Information."

9. In the event that it is necessary for any party to disclose to a person, other than one deemed as a "Qualified Person," any specified "Confidential Information," counsel for that party shall give at least ten days written notice to counsel for the party from whom such "Confidential Information" was obtained, the identity (name, address and occupation) of each person to whom such disclosure is requested, and the reason for the necessity of the disclosure. The party from whom the "Confidential Information" was obtained shall have ten days thereafter in which to serve counsel for the inspecting party with a written objection to such disclosure.

10. If the party from whom such "Confidential Information" was obtained does not object within ten days, it will have waived its right to object to the limited disclosure of this particular "Confidential Information" to the specified individual.

11. In the event that the party from whom the "Confidential Information" was obtained objects to the requested disclosure, the parties shall make a reasonable effort to negotiate all objections to disclosure. In the event negotiations fail to resolve objections, counsel for the inspecting party may petition the Court, with notice to the other counsel, for an order to allow disclosure, which disclosure shall otherwise be prohibited absent an order by the Court.

12. At the conclusion of the case, all original documents or fascimiles designated as "Confidential Information" shall be returned to counsel for the producing party. If any "Confidential Information" is furnished hereunder to any expert or to any other person, the attorneys for the party retaining such expert or furnishing such "Confidential Information" shall be responsible to insure that all such "Confidential Information," whether in original or copied form, is returned to counsel for the producing party.

13. This Order is the final order with respect to the closure of the information, documents, and fascimiles, which were requested by Plaintiff in its Request to Produce and Interrogatories, as hereinabove described.